UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD DAVIDSON,
                Plaintiff,

-v-

CHARLES SCULLY et al.,
                Defendants.

83-CV-2025 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Ronald Davidson moves this Court to reopen a case that has lain dormant for the past seventeen years. For the reasons that follow, that motion is denied.

**I.    Background**

    Almost 35 years ago, Plaintiff filed this action under 42 U.S.C. § 1983, alleging deliberate indifference action against various employees of the Wende Correctional Facility, where Plaintiff was incarcerated at the time. (Dkt. No. 1.) Plaintiff alleged that Defendants unlawfully denied him accommodations and medical treatment for a chronic lower-back condition. In 1992, the Court entered a preliminary injunction against Defendants requiring, among other things, that Defendants provide Plaintiff with proper distribution of his medication and daily access to an area in which he could perform prescribed physical exercises. (Dkt. No. 105.) The case then progressed through extensive and protracted discovery, punctuated by Plaintiff's frequent motions for contempt and additional preliminary injunctions. Eventually, over seventeen years after initiating the action, Plaintiff moved the Court to stay further action "because his back condition rendered him so debilitated that he [could not] proceed to trial." (Dkt. No. 489 at 6.)

The Court granted that request. In an order dated July 12, 2000, the Court ordered that "this case is closed on the active docket" and that "[t]he case may be reopened at such time as Mr. Davidson submits to the Court medical information showing that he is able to proceed to trial." (*Id.* at 7.) When granting Davidson's request, the Court noted that several other courts had "stayed other cases filed by Mr. Davidson or placed them on the suspense docket indefinitely and directed him to submit regular medical status reports." (*Id.* at 6.)

Plaintiff was released from prison in April 2016, and in March 2017, he moved to reopen the case and filed an application for the Court to request pro bono counsel. (*See* Dkt. Nos. 501–503.)

## II. Discussion

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute . . . , a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although the text of [Rule] 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

Dismissal for failure to prosecute is harsh medicine. The Second Circuit has cautioned that such a dismissal should "be utilized only in extreme situations," and that "*pro se* plaintiffs should be granted special leniency regarding procedural matters." *Id.* (first quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)). When considering dismissal for failure to prosecute, a court

> must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court

2

> calendar congestion and protecting a party's right to due process
> and a fair chance to be heard . . . and [5] whether the judge has
> adequately assessed the efficacy of lesser sanctions."

*Id.* (alterations in original) (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). "No one factor is dispositive," and ultimately the court must consider whether dismissal is appropriate "in light of the record as a whole." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

### A. Delay

The duration-of-delay factor "breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *Id.* at 255.

First, although the Court is sympathetic to the fact that medical incapacity prompted Plaintiff's request for a stay in 2000, it appears that Plaintiff became well enough to litigate long ago. Plaintiff remained an active participant in several of his other numerous cases throughout the aughts. He continued litigating before Judge Curtin in the Western District of New York throughout 2000 and 2001, *see generally Davidson v. Smith*, 87 Civ. 1342 (W.D.N.Y), and resumed prosecuting several of his other stayed cases as early as 2004, *see Davidson v. Chestnut*, 96 Civ. 1228 (S.D.N.Y. June 29, 2004) (removing the case from the suspense docket as of September 7, 2004); *Davidson v. Conway*, 318 F. Supp. 2d 60, 61 (W.D.N.Y. 2004) (indicating that Plaintiff filed a motion requesting leave to file a fifth amended complaint on March 1, 2004). Plaintiff's motion to reopen the present case does not offer any explanation or excuse for this discrepancy, and the Court can only conclude that Plaintiff's failure to prosecute was not the result of medical necessity.

Second, this case has been dormant for an exceedingly long period of time. The Court closed this case in 2000—seventeen years ago—and Plaintiff's last communication to the Court

3

occurred in 2002. (*See* Dkt. No. 498 & 499.) Seventeen years is an extreme delay, even judged by the lenient failure-to-prosecute standard that applies to a *pro se* litigant. *See, e.g., Adams v. Yolen*, 513 F. App'x 64, 66 (2d Cir. 2013) (holding that a *pro se* plaintiff's 29-month delay was "significant"); *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 (2d Cir.1999) (two-year delay); *Gaeta v. Incorporate Vill. of Garden City*, No. 03 Civ. 2109, 2015 WL 13019612, at *3 (E.D.N.Y. Apr. 16, 2015), *aff'd sub nom. Gaeta v. Inc. Vill. of Garden City*, 644 F. App'x 47 (2d Cir. 2016) (four-year delay).

**B.     Notice**

The notice factor weighs slightly in Plaintiff's favor. The order removing this case from the Court's active docket did not set a deadline for Plaintiff to resume litigation, and it did not require Plaintiff to submit regular status updates. Plaintiff was apparently under the impression that he could resume the case at any time, stating that he "was advised that [his] action . . . could be re-opened at the request of either party."[1] (Dkt. No. 502 at 1–2.)

Nevertheless, it should have been obvious to *any* plaintiff, even a *pro se* plaintiff, that a seventeen-year delay is inexcusably long. *See, e.g., Adams*, 513 F. App'x at 66 ("[E]ven a *pro se* litigant should have realized that a lapse of two years and five months . . . between the event that triggered the right to reopen and the actual motion to reopen is a 'significant delay.'"). Furthermore, Plaintiff's lack of notice in *this case* is mitigated by the notice he received in several other stayed cases, in which various courts cautioned Plaintiff to submit regular status

---

[1]     The Court notes, however, that Plaintiff may be confusing the status of this case with the status of his many other cases that had been stayed or placed on the suspense docket. *See, e.g., Davidson v. Flynn*, 86 Civ. 316 (N.D.N.Y. Aug. 15, 2001) (order directing the Clerk of Court to statistically close the case and stating that the case may be reinstated to the active docket "upon notice of any party").

4

updates. *See, e.g.*, *Davidson v. Flynn*, 86 Civ. 316 (N.D.N.Y. Mar. 8, 2000) (requiring Plaintiff to submit a medical status report every six months).

### C. Prejudice

The significant delay occasioned by Plaintiff has unquestionably and seriously prejudiced Defendants. "[D]elay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Shannon*, 186 F.3d at 195. That is especially true in this case, where Plaintiff's seventeen-year delay was both "lengthy and inexcusable." *Drake*, 375 F.3d at 256; *see also*, *Adams*, 513 F. App'x at 66 (presuming prejudice after Plaintiff's delay of two years and five months). Such prejudice is exacerbated here by the fact that Plaintiff first filed this action in 1983—over three decades ago. *See, e.g.*, *Shannon*, 186 F.3d at 195 (explaining that "[b]ecause the events at issue in this lawsuit took place more than a decade before the district court dismissed the case, the likelihood that evidence in support of the federal defendants' position had become unavailable and that their witnesses' recollection had diminished was quite large"). Requiring Defendants to defend a thirty-five-year-old claim, with evidence and recollections that are at best seventeen years stale, would be seriously prejudicial.

### D. Opportunity To Be Heard

The fourth factor—requiring the Court to consider the proper balance between "alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard"—is neutral. *LeSane*, 239 F.3d at 209 (quoting *Alvarez*, 839 F.2d at 932). On the one hand, the Court's calendar has not been burdened by Plaintiff's delay. "On the other hand, any negative impact on . . . Plaintiff's opportunity to be heard is as a result of his own dilatory actions in waiting" seventeen years to resume his case. *Gaeta*, 2015 WL 13019612, at *4.

### E. Efficacy of Lesser Sanctions

Given the length of Plaintiff's delay, the Court concludes that no sanction other than denial of the motion to reopen this case could remedy the prejudice to Defendants. The Court could hypothetically impose a financial sanction on Plaintiff or grant Defendants an extension of time to respond, but no amount of money nor time can bring back the evidence that has likely been lost.

\* \* \*

In sum, three factors weigh heavily against Plaintiff: duration of delay, prejudice to the defendants, and the efficacy of lesser sanctions. The notice factor weights slightly in favor of Plaintiff, and the opportunity-to-be-heard factor favors neither party. Considering the record as a whole, the Court concludes that Plaintiff's extended failure to prosecute this action necessitates denial of Plaintiff's motion to reopen this case.

## III. Conclusion

For the foregoing reasons, the motion to reopen the case is DENIED, and Plaintiff's Application for the Court to Request Pro Bono Counsel is DENIED as moot. The case shall remain closed, and the dismissal is with prejudice.

The Clerk of Court is directed to close the motions at Docket Numbers 501 and 503.

SO ORDERED.

Dated: January 25, 2018
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTIES BY CHAMBERS*